UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALVIN G. PATTERSON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06CV 489 CDP (LMB) |
| ) | |
| JEREMIAH W. "JAY" NIXON, ) | |
| and RUSSELL SMITH, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Alvin G. Patterson, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted. (Doc. No. 7). Respondent has also filed a Supplemental Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted. (Doc. No. 10).

### Procedural History

Petitioner is presently incarcerated at Hendry Correctional Institute in Immokale, Florida, pursuant to a judgment and sentence of the Circuit Court of St. Louis County, Missouri. On November 9, 2001, petitioner was found guilty after a jury trial of two counts of rape, two counts of felonious restraint, and three counts of unlawful use of a weapon. See Resp't Ex. A at 601-603. He was sentenced to an aggregate total of 43 years: ten years to run consecutively for each count of rape, five years to run consecutively for each count of felonious restraint, three years to run consecutively for one of the unlawful use of a weapon by flourishing counts, five years to run

consecutively on the other unlawful use of a weapon by flourishing count, and five years to run consecutively for the unlawful carrying of a concealed weapon count. See id.

Petitioner raised two points on direct appeal of his convictions. See Resp't Ex. C. In his first point, petitioner argued that the trial court abused its discretion in precluding him from attempting to impeach one of the victims on cross-examination. See id. In his second point, petitioner claimed that the trial court erred in denying his motion for acquittal based on the sufficiency of the evidence. See id. On June 17, 2003, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions in an unpublished memorandum opinion. See Resp't Ex. E.

On December 11, 2003, petitioner filed a pro se motion to vacate, set aside, or correct the judgment of the Circuit Court of St. Louis County, Missouri, pursuant to Missouri Supreme Court Rule 29.15. See Resp't Ex. G at 3. In this motion, petitioner argued that he was denied effective assistance of counsel for the following reasons: (1) trial counsel made no attempt to obtain evidence demonstrating petitioner's innocence in relation to an alibi or to petitioner's prior knowledge of victims; (2) trial counsel failed to produce witnesses who would corroborate petitioner's relationship with victims; (3) trial counsel failed to review preliminary hearing transcripts, deposition transcripts, or witness testimony with petitioner prior to trial; (4) trial counsel failed to review police reports before and during trial; (5) trial counsel failed to formulate trial strategy consistent with belief in petitioner's innocence; (6) trial counsel informed petitioner both before and during trial that counsel was not prepared for trial; (7) trial counsel failed to object to prosecution's statement that petitioner was an habitual offender; and (8) trial counsel failed to inform petitioner of government's offer of a plea bargain. See id. at 6-7. After appointment of counsel, petitioner filed "Amended Motion to Vacate, Set Aside, or Correct

Judgment and Sentence and Request for Evidentiary Hearing." See id. at 19-30. In his amended motion, petitioner argued that trial counsel was ineffective because he failed to contact witnesses which might have discredited the government's position. See id. at 25-26.

Petitioner also filed a "Motion to Consider Movants Amended Motion on its Merits, Notwithstanding the Time Limitations under Rule 29.15." See id. at 31-36. In this motion, petitioner argued that, although his post-conviction relief motion was untimely, the time limitation should be overlooked for the following reasons: (1) the delay in receipt of Form 40 was due to outside circumstances beyond petitioner's control, namely the time delay of mailing documents from the prison; and (2) petitioner's delay in mailing Form 40 was due in part to the unavailability of the form as he was incarcerated in Florida and the prison did not have Missouri forms. See id. at 32-34. On July 9, 2004, the motion court denied petitioner's "Motion to Consider Movants Amended Motion on its Merits, Notwithstanding the Time Limitations under Rule 29.15," and dismissed petitioner's Rule 29.15 motion as untimely. See id. at 41-42.

On appeal from the denial of post-conviction relief, petitioner argued that the motion court clearly erred in dismissing his Rule 29.15 motion because his motion was untimely due to circumstances beyond his control. See Resp't Ex. H. On June 14, 2005, the Missouri Court of Appeals for the Eastern District affirmed the decision of the motion court. See Resp't Ex. K.

On March 20, 2006, petitioner, pro se, filed a petition for a writ of habeas corpus, raising the following grounds for relief: (1) the trial court deprived him of due process and a fair trial by: (a) overruling petitioner's objection during voir dire, (b) overruling petitioner's objection to hearsay elicited by prosecutor, (c) allowing testimony related to hearsay and inconsistent testimony, and (d) preventing defense counsel's argument to show police practice and motivation in conducting investigations; (2) he received ineffective assistance of counsel for the following

reasons: (a) trial counsel failed to review or contact material witnesses, (b) trial counsel admitted to petitioner that counsel was not prepared for trial, (c) trial counsel did not review with petitioner preliminary hearing transcripts, depositions of the victims, or police reports in preparation for trial, and (d) trial counsel did not review the State's plea bargain with petitioner; (3) prosecutorial misconduct because: (a) the prosecutor misled the jury by calling petitioner an habitual offender, and (b) the prosecutor did not provide a copy of the grand jury transcript to the defense, which petitioner claims would show a victim perjured herself; (4) the trial court violated petitioner's rights to due process and access to the courts by denying his Rule 29.15 motion as untimely, despite petitioner's assertion that the untimeliness was due to circumstances beyond his control. (Doc. No. 2).

On May 15, 2006, respondent filed a Response to Order to Show Cause, in which he argues that petitioner's grounds for relief are procedurally barred by the one-year statute of limitations. (Doc. No. 7). Respondent also filed a Supplemental Response to Order to Show Cause Why a Writ of Habeas Corpus Should not be Granted, in which he argues that petitioner's grounds for relief fail on their merits. (Doc. No. 10).

**Facts**

On June 5, 1998, seventeen-year old N.A. was walking to a community center when defendant pulled up next to her in a car.[1] Defendant asked N.A. for directions to a gas station and asked her to come with him. N.A. willingly got in defendant's car and accompanied him to a gas station where he gave her money to pay for gas. As defendant pulled out of the gas station, he pulled out his gun and pointed it at N.A. Defendant then drove to a vacant lot in an industrial

---

[1] The following facts have been taken from the decision of the Missouri Court of Appeals affirming petitioner's convictions. See Resp't Ex. E.

park. After threatening N.A., defendant raped her. Defendant and N.A. got back into defendant's car and began to drive down Broadway. While stopped at a stoplight, the two saw a police car and defendant pointed the gun at N.A. and told her not to draw any attention. After driving around some more, defendant drove to another isolated area and asked N.A. if she could "outrun a bullet." When N.A. began crying, defendant dropped her off near her house and threatened her once again. She then ran home and her sister called the police.

On August 5, 1998, seventeen-year old A.J. was standing at a bus stop with her eight-month-old son when defendant pulled up in his car to offer a ride. A.J. accepted and got into the car. Defendant agreed to drive A.J. to her friend's house but drove her to an isolated area within the city instead. Defendant pulled a gun and ordered A.J. to set her eight-month old son in the front seat and get out of the car. A.J. followed the order and defendant proceeded to rape her. After the assault, defendant drove A.J. and her son to a friend's house. After defendant drove off, A.J. spotted a police officer on patrol and reported the crime. She was unable to give the licence plate number because the front plate was missing.

Both N.A. and A.J. gave similar descriptions of the defendant, defendant's car, as well as items in the car including the gun, to police. Defendant was arrested on August 11, 1998, in a car fitting the description given by N.A. and A.J. Found in the car was a 9-millimeter pistol and other items described by both victims. Both victims also identified defendant in both live and photographic line-ups. A DNA sample was obtained from defendant which matched physical evidence from both victims. At trial defendant denied having raped either N.A. or A.J., claiming instead that he had consensual sex with both of them.

After finding defendant guilty of seven counts, the jury recommended defendant be sentenced to imprisonment for terms of ten years on Count I, five years on Count II, three years

on Count III, ten years on Count VIII, five years on Count IX, five years on Count X, and five years on Count XI.  The court entered its sentence and judgement imposing the jury's sentencing recommendations to be served consecutively for a total forty-three years.

**I.**     **Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination  of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413, 120 S.Ct. 1523.  Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the

Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. 522.

## II. Petitioner's Claims

Petitioner raises four grounds for relief. The undersigned will address each ground for relief in turn.

### A. Statute of Limitations

Before addressing the merits of these individual grounds for relief, the undersigned finds that the petition was untimely filed and thus should be dismissed. The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year period of limitation on federal petitions for habeas corpus. The governing provision provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998). Additionally, §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Further, "for purposes of § 2244(d)(2), 'an application is 'properly filed' when its

delivery and acceptance are in compliance with the applicable laws and rules governing filings.'" Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000)(quoting Artuz v. Bennett, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000)).

Petitioner's judgment became final on September 10, 2003, when the Court of Appeals issued its mandate in petitioner's direct appeal. Williams v. Blumer, 763 S.W.2d 242, 245 (Mo. Ct. App. 1988). Under the one-year statute of limitations, petitioner's claim should have been filed no later than September 10, 2004, however this court did not receive petitioner's habeas petition until March 20, 2006, more than two years after the statute of limitations ran.

Petitioner did file a motion for post-conviction relief on December 11, 2003. Petitioner's post-conviction relief motion, however, was not "properly filed" because it was untimely filed. See Resp't Ex. G at 41-42.

Petitioner argues that the time his post-conviction relief motion was pending should not count against the limitations period because he gave prison officials a properly stamped and addressed envelope containing the motion on December 4, 2003, five days before the deadline for filing his motion. Missouri, however, does not recognize a prisoner mailbox rule for the filing of post-conviction relief motions. Thomas v. State, 31 S.W.3d 23, 25 (Mo. Ct. App. 2000).

Petitioner essentially argues that the doctrine of equitable tolling should apply. Equitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction. See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). However, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted

statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002). Generally, such circumstances must be external to the petitioner, and even a claim of actual innocence is not sufficient to toll the statute of limitations. Id. at 976-77.

Petitioner claims that his post-conviction relief motion was untimely due to the lack of access to a Rule 29.15 form while incarcerated in Florida and the failure of the prison to mail his forms immediately. Petitioner admitted that he received the proper form by November 3, 2003. See Resp't Ex. H at 8. He took more than a month to fill out the form before he presented it to prison officials to be mailed, and he chose not to send the form through certified mail. Petitioner has not demonstrated any extraordinary circumstances that prevented him from timely filing his petition nor has he alleged that the State lured him into inaction. Thus, equitable tolling is not warranted in this case .

Accordingly, the undersigned recommends that petitioner's petition be dismissed as untimely.

### B. Substantive Claims

Petitioner has raised four grounds for relief. Petitioner's grounds for relief will be discussed in turn.

#### 1. Ground One

In his first ground for relief, petitioner claims that the trial court deprived him of due process and a fair trial for four reasons: (a) the trial court overruled petitioner's objection during general voir dire, (b) the trial court overruled "defendant's objection to conduct hearsay elicited by prosecutor," (c) the trial court allowed hearsay testimony and refused to allow petitioner to question a witness about inconsistent statements without a grand jury transcript, and (d) the trial

court prevented defense counsel's argument about "clean-up" procedures by the St. Louis police department.

First, the claims raised in ground one are procedurally defaulted. The procedural default rule requires that a habeas petitioner pursue all available avenues for relief in the state courts before the federal courts can consider a claim. See 28 U.S.C. § 2254(d); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). Failure to preserve a claim on the appeal of a state court ruling raises a procedural bar to pursuing that claim in federal court. See Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993). In deciding if there has been procedural default, a federal court must give deference to the state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980).

In the instant case, although petitioner raised the arguments contained in sub-claims one, two, the first part of three, and four in his motion for new trial, he did not raise them on direct appeal. Petitioner raised the argument contained in the second part of sub-claim three on direct appeal, but the Missouri Court of Appeals declined to review the merits of this argument, holding that petitioner did not make an adequate offer of proof to preserve the argument for appellate review. See Resp't Ex. E at 4-5. Thus, the claims are procedurally defaulted.

Petitioner's claims also fail on their merits, as will be discussed below.

### a.     Voir Dire

During voir dire, the prosecutor asked the venire:

> Now, is there anybody who thinks that they, you know, and that all women who have been through this type of experience are going to act the exact same way? Specifically what my concern is is that there anybody here who feels that, you know, if a woman who's saying that she's been raped doesn't get on the witness stand and cry, or does get on the witness stand and cry, or that you don't like the way that they're acting, that you're going to automatically disbelieve them just because they don't fit into some type of reaction that you feel that all victims should fall into?

See Resp't. Ex. B at 51. Defense counsel objected to the form of the question but not the substance, and he did not lodge a continuing objection. See id. at 52. The trial court overruled the objection. See id. at 52. The prosecutor then stated:

> I just want to make sure, does anybody here feel that if a woman takes the stand and says she's been sexually assaulted, you're going to require her to act some certain way? Anybody feel that way? All right. I see no hands. And correct me if I'm wrong, I take it that means that everyone can sit and evaluate each victim as they come forward, listen to what they have to say, does not automatically expect any special reaction from all people? Is that correct?

Id. Defense counsel did not object.

Petitioner's claim that the prosecutor's questions deprived him of due process and a fair trial lacks merit. The prosecutor sought to ensure that the jurors did not have any preconceived notions about how rape victims should testify. This line of questioning was proper.

### b. Hearsay

Petitioner claims he was deprived of due process and a fair trial when the court allowed hearsay from the mother of one of the victims to be admitted.

The prosecutor asked the witness: "And can you describe her demeanor and how she was reacting?" Resp't. Ex. B Vol. III at 23. Petitioner objected, but the trial judge overruled, stating, "She can answer with regard to what she was doing." See id. at 24.

The witness' statements describing the victim's demeanor does not constitute hearsay.

Even assuming the admittance of the testimony was hearsay, it is not enough to warrant habeas relief. Generally, questions concerning the admissibility of evidence are matters of state law, and the issue on habeas review is not whether the evidence was properly admitted under state law. See Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Further, the record reveals that the victim later testified, thereby providing petitioner an opportunity to confront the witness regarding her statements. See Resp't Ex. B Vol. III at 33-102.

### c. Impeachment with Grand Jury Testimony

Petitioner next contends the trial court violated his due process rights when the court refused to allow petitioner to impeach a victim with her grand jury testimony. Petitioner, however, did not have a transcript of the grand jury testimony to impeach the witness and did not inform the judge of any personal knowledge of the grand jury proceedings. See Resp't Ex. D at 16. Although the Confrontation Clause entitles a defendant to an opportunity to effectively cross-examine a witness, the right is not limitless and "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination." Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). In this case, the trial court did not err in refusing to allow the questioning given the fact that defense counsel was unable to provide a reasonable basis for the questioning.

### d. Closing Argument

Finally, petitioner contends that the trial court deprived him of due process when the trial judge sustained an objection to a portion of the defense counsel's closing argument.

Defense counsel stated, "There's something the St. Louis Police Department does in cases like this, and it's called a clean-up." See Resp't Ex. B Vol. III at 566. The prosecutor objected,

and the trial court sustained the objection.  See id.

Although petitioner contends that the trial court erred in sustaining the prosecutor's objection, he does not point to any evidence supporting defense counsel's statement.  Petitioner did not offer evidence at trial of the police department's "clean-up" procedures.  Moreover, petitioner does not explain why the trial court should have allowed the statements.  It is the petitioner's burden to demonstrate the trial court deprived him of due process.  "The habeas petitioner must establish an error which demonstrates a violation of due process by a burden much greater than that required on direct appeal and even greater than the showing of a plain error." Mendoza v. Leapley, 5 F.3d 341, 342 (8th Cir. 1993).  Petitioner has failed to meet his burden.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

### 2. **Ground Two**

Petitioner next contends that he received ineffective assistance of counsel.  Petitioner claims trial counsel was ineffective for the following reasons: (1) trial counsel failed to review or contact material witnesses; (2) trial counsel admitted to petitioner that he was not prepared for trial; (3) trial counsel did not review with petitioner preliminary hearing transcripts, depositions, or police reports prior to trial; and (4) trial counsel did not review the State's proposed plea bargain.

Petitioner did not raise the claims contained in his second ground for relief in his post-conviction relief motion.  As such, the claims raised in ground two are procedurally defaulted. See 28 U.S.C. § 2254(d); Duvall, 15 F.3d at 746.

Petitioner's claims fail on their merits as well.  To prevail on a claim of ineffective

assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. at 2068. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S. Ct. at 2067.

Petitioner first argues that defense counsel failed to review or contact "material witnesses." Petitioner, however, does not provide the names of these witnesses or indicate how their testimony would have provided a defense. Thus, this claim lacks merit.

Petitioner next contends that his counsel told him that he was not prepared for the trial. The record does not support these allegations. Petitioner does not suggest that his trial would have been different had his attorney been prepared nor does he suggest ways that counsel could have improved his performance. As such, this claim fails.

Petitioner finally claims that trial counsel failed to review transcripts, depositions, police reports, or the State's proposed plea bargain. Assuming that counsel, in fact, failed to review any of these materials, the record reflects that counsel attempted to meet with petitioner numerous times, but petitioner refused the meetings. See Resp't Ex. A at 168. Petitioner's refusal to meet with counsel so affected counsel that he attempted to withdraw from the case. See id. Petitioner

cannot claim ineffective assistance of counsel when he refused to prepare for the case with his attorney. Further, the record indicates that counsel must have reviewed the information on his own, because he used the depositions to impeach witnesses. See Resp't Ex. B Vol. III at 167-175.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

### 3. Ground Three

In his third ground for relief, petitioner claims prosecutorial misconduct. First, he argues that the prosecutor misled the jury by calling petitioner a "habitual offender." Second, petitioner alleges that the prosecutor, in violation of a court order, did not provide a copy of the grand jury transcript to the defense. According to petitioner, the transcripts would have shown that a victim perjured herself. Finally, petitioner claims that the trial court "disallowed sworn depositions of alleged victims and police reports." Petition at 9.

Petitioner did not raise the claims contained in his third ground for relief in his post-conviction relief motion or on appeal from the denial of post-conviction relief. As such, the claims raised in ground three are procedurally defaulted. See 28 U.S.C. § 2254(d); Duvall, 15 F.3d at 746.

Petitioner's third ground for relief also fails on its merits. Despite petitioner's claims, the prosecutor did not call him a "habitual offender," which would have been a false statement. The record does reveal that the prosecutor called petitioner a "serial rapist." See Resp't Ex. B at 591. The evidence presented at trial showed petitioner raped three girls on three different occasions, thereby justifying the State's characterization of petitioner as a serial rapist. As such, this claim

lacks merit.

Although petitioner next claims that the State was court-ordered to provide a transcript of the grand jury proceedings, the record does not reflect such an order. Defense counsel requested a copy of the transcript, but the trial court did not order one to be produced because the grand jury testimony was not transcribed. See Resp't Ex. A at 17; Resp't Ex. C at 26. Moreover, petitioner conceded on direct appeal that the trial court had no constitutional or statutory obligation to order the production of the transcript. See Resp't Ex. C at 25.

Petitioner's final contention is that "sworn depositions of alleged victims and police reports disallowed." Petition at 9. Petitioner provides no other facts in support of this claim. Since petitioner's claim for relief cannot be discerned, it cannot be analyzed.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

### 4. Ground Four

In his final ground for relief, petitioner argues that he was denied both due process and access to the courts when his post-conviction relief motion was dismissed in state court, even though he gave the motion to prison guards prior to the deadline.

The undersigned finds that this claim is not cognizable in the court's habeas review. "[A]n infirmity in a state-post conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." See Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). This rule is founded on the principle that there is no constitutional right to a state post-conviction proceeding and irregularities which occur therein do not rise to the level of constitutional violations. See Pennsylvania v. Finley, 481 U.S. 551, 557, 106 S.Ct. 1990, 1994, 95 L.Ed.2d 539

(1987); Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). Because petitioner was not constitutionally entitled to a post-conviction proceeding, he cannot claim constitutional error in the fact that his post-conviction relief motion was dismissed as untimely.

Accordingly, the undersigned recommends that Petitioner's fourth ground for relief be denied.

## III.     Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Alvin G. Patterson, Jr. for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this   10th   day of February, 2009.

／s／ Lewis M. Blanton
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE